58 Cal.App.4th 1538 (1997)
In re DEVIN M., a Person Coming Under the Juvenile Court Law.
LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Petitioner and Respondent,
v.
INEZ M., Objector and Appellant.
Docket No. B111472.
Court of Appeals of California, Second District, Division Two.
October 8, 1997.
*1539 COUNSEL
Jesse F. Rodriguez, under appointment by the Court of Appeal, for Objector and Appellant.
De Witt W. Clinton, County Counsel, Auxiliary Legal Services, Holly Bryan and Jill Regal for Petitioner and Respondent.
OPINION
NOTT, J.
Appellant Inez M. appeals from a judgment terminating her parental rights on the ground that the order results in the severance of her child's relationship with a foster family. We hold that she has no standing to raise that issue. Our decision extends the recent line of cases holding that a parent does not have standing to challenge the termination of parental rights based on the minor's relationship with siblings or grandparents.

CONTENTION
Appellant contends that "literal application of [Welfare and Institutions Code] section 366.26, subdivision (c)(1)(D)  under the circumstances of this case  defeated the paramount purpose of protecting the minor's best interests, (parens patriae) violating his fundamental constitutional right to continue to be a part of the only family he has known."

FACTS AND PROCEDURAL BACKGROUND
On December 6, 1994, the department of children and family services filed a petition in the Los Angeles County Juvenile Dependency Court alleging that the minor, Devin M., was born with a positive toxicology screen for cocaine. Among other things, the petition alleged that the minor's mother was a frequent user of cocaine, which rendered her incapable of providing regular care for the minor. Additionally, the father was incarcerated and could not arrange for care of the minor.
On December 7, 1994, the court held a detention hearing, at which appellant did not appear. The court found a prima facie case for detaining Devin in shelter care.
Appellant did not appear at the dispositional hearing of February 2, 1995, nor at any of the subsequent hearings, including the Welfare and Institutions *1540 Code[1] section 366.22 permanency planning hearing held on July 18, 1996, at which reunification services were terminated.
Appellant appeared at the contested section 366.26 hearing held on December 30, 1996. The court found by clear and convincing evidence that it was likely that the minor, Devin, would be adopted, and identified adoption as the permanent plan. The court did not terminate parental rights at that time. The department of children and family services (DCFS) was ordered to identify an adoptive family within 90 days.
A March 28, 1997, review report from the DCFS adoptions division stated that two applicant couples had been identified, and they were in the process of completing their home study. The report indicated that Devin was extremely happy with his fourth set of foster parents, and that he had bonded to them. The report stated that although Devin's current caregivers were especially attached to him, they refused to go through the adoption process. The foster mother said that on two previous occasions, they had requested to adopt two children, and had been informed that their chances of adoption were good. However, the children were reunified with the natural mother and the grandmother. The foster mother was traumatized by the experience of giving the children up, and could not go through that again, unless she had a guarantee that she would be the adoptive parent.
At the March 28, 1997, section 366.26 hearing, both appellant's and father's counsel requested that Devin be placed in long-term foster care rather than for adoption. The court noted that Devin was doing well in his foster home and that the foster parents refused to go through the adoptive process. The court further determined that, because Devin was under six years of age, the exception in section 366.26 was not available. Adoption had already been identified as the permanent plan for Devin and two applicant couples had already come forward for the minor. The court found by clear and convincing evidence that Devin was likely to be adopted and that none of the exclusions in section 366.26, subdivision (c)(1)(A), (B), (C), or (D) applied. The court terminated parental rights and ordered Devin placed for adoption.
This appeal followed.

DISCUSSION

Appellant does not have standing to raise the issue of Devin's placement.
(1) Appellant claims that Devin and his foster parents enjoy a mutual parent-child bond which should not be disrupted. She requests that the order *1541 terminating her parental rights and placing Devin for adoption be vacated and that the juvenile court be ordered to place Devin in long-term foster care or legal guardianship with his foster parents.
A parent cannot raise issues on appeal which do not affect his or her own rights. (In re Jasmine J. (1996) 46 Cal. App.4th 1802, 1806-1808 [54 Cal. Rptr.2d 560].) That is, a parent's interest is in reunification. The interest of siblings or other relatives in their relationship with the minor is separate from that of the parent. Thus, we have held that a parent does not have standing to challenge the order terminating his or her parental rights on the ground that the order results in the severance of the minor's relationship with siblings and/or grandparents. (Ibid.; see also In re Nachelle S. (1996) 41 Cal. App.4th 1557 [49 Cal. Rptr.2d 200]; In re Gary P. (1995) 40 Cal. App.4th 875 [46 Cal. Rptr.2d 929].)
In response to the standing issue, appellant urges that, in the instant situation, she is asserting "third party" rights on behalf of Devin. The parents in the previous cases cited, she contends, asserted "first party" rights on behalf of the parents themselves. She does concede that "[i]nsofar as these decision[s] hold that the parent has no standing in the first person because a parent is not injured or aggrieved by an order which severs his or her child's relationship with another family member, they appear to be correct statements of law." She concludes that because she is asserting Devin's rights, this distinction gives her the right to step into the shoes of her biological issue and challenge the termination order.
Appellant's standing arguments are not persuasive. We see no distinction between the standing issue as it relates to the parent's ability to litigate a minor's placement as it affects his relationship with siblings or, as here, a foster family. Moreover, by this lawsuit, appellant is actually seeking to litigate her own interest. That is, if her parental rights are not terminated, she will have visitation rights. Regardless of whether she phrases her argument as an assertion of third party or first party rights, appellant lacks standing to raise the issue of the severance of the relationship between the minor and his foster family.
Appellant's citations in support of her argument do not assist her. In re Patricia E. (1985) 174 Cal. App.3d 1 [219 Cal. Rptr. 783] held that a father had standing to litigate the issue of whether the minor had a right to independent counsel because representation of the minor's interests impacted upon the father's interest in the parent-child relationship. (Id., at p. 6.) Moreover, the court held that this was a matter of first party interest. "Where the interests of two parties interweave, either party has standing to litigate *1542 issues that have a impact upon the related interests. This is a matter of first party standing." (Ibid.) The court in In re Patricia E. found that the father's interests were implicated because an independent counsel, not representing DCFS, might well recommend reunification with the father. We cannot say the same here, where parental rights have been terminated and the interest at issue is not reunification, but the minor's relationship to a foster family.
Other cases cited by appellant have nothing to do with the issue of standing when a parent seeks to litigate the issue of a minor's placement with the foster parent. (See In re Amanda D. (1997) 55 Cal. App.4th 813 [64 Cal. Rptr.2d 108] [parent challenged termination of parental rights on basis that he complied with case plan and court failed to apply benefit exception of section 366.26, subdivision (c)(1)(A)]; In re Elizabeth M. (1997) 52 Cal. App.4th 318, 323 [60 Cal. Rptr.2d 557] [parent has standing to raise denial of petition under section 388, which provides that a parent who has an interest in a dependent child, may upon change of circumstance petition the court to modify an order in the best interests of the child]; In re Jose V. (1996) 50 Cal. App.4th 1792 [58 Cal. Rptr.2d 684] [parent challenged section 366.26 order on the basis that juvenile court erred in failing to consider guardianship]; In re Autumn H. (1994) 27 Cal. App.4th 567 [32 Cal. Rptr.2d 535] [parent challenged section 366.26, subdivision (c)(1)(A) on basis that it is unconstitutionally vague and substantial evidence showed benefit of continuing relationship with father].)
Since we have concluded that appellant lacked standing in this matter, we need not address her further argument that application of section 366.26, subdivision (c)(1)(D)[2] in this case works an injustice.

DISPOSITION
The judgment is affirmed.
Boren, P.J., and Fukuto, J., concurred.
Appellant's petition for review by the Supreme Court was denied December 23, 1997. Mosk, J., was of the opinion that the petition should be granted.
NOTES
[1] All subsequent code section references are to the Welfare and Institutions Code.
[2] Section 366.26, subdivision (c)(1)(D) provides that the court shall terminate parental rights if it is likely that the minor will be adopted unless the minor is living with a foster parent who is unwilling to adopt the minor but who is willing to provide the minor with a stable environment, and removal would be detrimental to the minor. That subparagraph does not apply to a minor under six years of age.