111 Cal.Rptr.2d 646 (2001)
92 Cal.App.4th 186
In re CRYSTAL J., a Person Coming Under the Juvenile Court Law.
Kern County Department of Human Services, Plaintiff and Respondent,
v.
Kenneth J., Defendant;
Crystal J., Appellant.
No. F037209.
Court of Appeal, Fifth District.
September 10, 2001.
Review Denied December 19, 2001. [**]
*647 Beth A. Melvin, South Lake Tahoe, under appointment by the Court of Appeal, for Appellant.
B.C. Barmann, Sr., County Counsel, and Susan M. Gill, Deputy County Counsel, for Plaintiff and Respondent.
Certified for Partial Publication.[*]

OPINION
LEVY, J.
Appellant, Crystal J., appeals the juvenile court's denial of her motion to declare her aunt and uncle, Deborah and Orrie G., her de facto parents. In addition, she claims the juvenile court abused its discretion in failing to place her with Deborah and Orrie. In the published portion of this opinion we find that appellant lacks standing to appeal the court's ruling on the de facto parent motion because she is not aggrieved. In the unpublished portion of this opinion we find that the juvenile court did not abuse its discretion.

BACKGROUND
Crystal was removed from the home of Deborah and Orrie due to unsanitary living conditions. At the time of her detention, Crystal, who was 15 years old, had been living with her aunt and uncle for seven years. Crystal's father placed Crystal with Deborah and Orrie after Crystal's mother died. After Crystal's detention, a Welfare and Institutions Code,[1] section 300 petition was filed alleging that Crystal's father failed to protect Crystal by allowing her to live in an uninhabitable home. The *648 juvenile court sustained the petition and set the matter for a further hearing.
After the jurisdictional hearing, Crystal moved to have Deborah and Orrie declared her de facto parents. The motion was based upon the fact that Crystal had been living with her aunt and uncle for seven years, and that they had cared for all of her needs during that time. Relying on In re Kieshia E. (1993) 6 Cal.4th 68, 23 Cal. Rptr.2d 775, 859 P.2d 1290, the juvenile court denied the motion, finding that Deborah and Orrie forfeited their right to become de facto parents because they were the reason Crystal was declared a dependent of the court.
At the dispositional hearing, Crystal argued that the juvenile court should place her with her aunt and uncle. The juvenile court found that placement with Deborah and Orrie would be inappropriate and ordered her placed in foster care. The court provided that Deborah and Orrie could have two hours of supervised visitation with Crystal each week.

DISCUSSION

I. Crystal lacks standing to challenge the denial of the de facto parent motion.
Crystal appeals the denial of her motion to declare Deborah and Orrie her de facto parents. Having requested briefing on the issue of standing, we conclude Crystal is not aggrieved by the ruling and lacks standing to challenge denial of the motion on appeal.
Section 395 provides that a "judgment in a proceeding under Section 300 may be appealed from in the same manner as any final judgment. . . . ." The California Rules of Court provide that in a proceeding "under section 300, the petitioner, child, and the parent or guardian each has the right to appeal from any judgment, order, or decree specified in section 395." (California Rules of Court, rule 1435(b).) Appellant argues that these provisions give her standing to appeal the denial of her de facto parent motion. We disagree.
While a child normally has standing to appeal a juvenile dependency judgment, case law has established that an appellant must demonstrate error affecting his or her own interests in order to have standing to appeal. (In re Devin M. (1997) 58 Cal.App.4th 1538, 1541, 68 Cal. Rptr.2d 666; In re Daniel D. (1994) 24 Cal.App.4th 1823,1835, 30 Cal.Rptr.2d 245; In re Vanessa Z. (1994) 23 Cal.App.4th 258, 261, 28 Cal.Rptr.2d 313.) In other words, the party must be in some way aggrieved by the judgment. (In re Frank L. (2000) 81 Cal.App.4th 700, 703, 97 Cal. Rptr.2d 88; In re Carissa G. (1999) 76 Cal.App.4th 731, 734, 90 Cal.Rptr.2d 561; In re Lauren P. (1996) 44 Cal.App.4th 763, 768, 52 Cal.Rptr.2d 170; In re Gary P. (1995) 40 Cal.App.4th 875, 877, 46 Cal. Rptr.2d 929; In re Joel H. (1993) 19 Cal. App.4th 1185, 1195-1196, 23 Cal.Rptr.2d 878.) A party may not claim errors on appeal which only affect another party who did not appeal. (In re Jasmine J. (1996) 46 Cal.App.4th 1802, 1806, 54 Cal.Rptr.2d 560; In re Gary P., supra, 40 Cal.App.4th at p. 877, 46 Cal.Rptr.2d 929; In re Vanessa Z., supra, 23 .App.4th at p. 261, 28 Cal.Rptr.2d 313.) In the present case appellant has failed to show that she was aggrieved by the denial of her de facto parent motion.
A de facto parent is one who "on a day-to-day basis, assumes the role of parent, seeking to fulfill both the child's physical needs and his psychological need for affection and care." (In re B.G. (1974) 11 Cal.3d 679, 692, fn. 18, 114 Cal.Rptr. 444, 523 P.2d 244.) In In re B.G. the California *649 Supreme Court recognized that a de facto parent acquires an interest in the "`companionship, care, custody and management'" of the child and explained that the interest is one deserving of legal protection. (Id. at pp. 692-693, 114 Cal.Rptr. 444, 523 P.2d 244.) Since a de facto parent has a recognizable interest in the child, the court held that the de facto parent has standing to appear in juvenile proceedings. Conferring standing to appear in such an action allows the individual to protect his or her own interest in the child. (Id. at p. 693, 114 Cal.Rptr. 444, 523 P.2d 244.) Additionally, allowing a de facto parent standing to appear in the proceeding is beneficial to the court in that it provides the court with additional information regarding the best interests of the child. (Ibid.)
It is clear that an individual seeking de facto parent status has standing to appeal the denial of his or her motion. (In re Joel H. (1993) 19 Cal.App.4th 1185, 1195, 23 Cal.Rptr.2d 878.) The question presented in this case is whether someone other than the proposed de facto parent has standing to appeal the denial of the motion. In In re Vanessa Z., supra, the court held that a father lacked standing to challenge the denial of his mother's motion to be declared the child's de facto parent because his interests were not affected by the denial of the motion. (In re Vanessa Z., supra, 23 Cal.App.4th at p. 261, 28 Cal.Rptr.2d 313.) The court explained that a parent's interest in a dependency proceeding is to reunify with the child, while a de facto parent's interest is that person's separate interest in his or her relationship with the child. The fact that the motion was denied did not preclude the father from presenting any evidence relating to the child's best interest or his relationship with the child. (Ibid.) This reasoning was followed by In re Daniel D., supra, in which the court held a parent had no standing to challenge another party's de facto parent motion. (In re Daniel D., supra, 24 Cal.App.4th at pp. 1835-1836, 30 Cal.Rptr.2d 245.)
Appellant attempts to distinguish her case from Vanessa Z. and Daniel D. by arguing that she, unlike a parent, has an interest in the denial of a de facto parent motion. Noting that a de facto parent has a substantial interest in the "`"companionship, care, custody, and management"'" of the child (In re Kieshia E., supra, 6 Cal.4th at p. 75, 23 Cal.Rptr.2d 775, 859 P.2d 1290, quoting In re B.G., supra, 11 Cal.3d at p. 692, 114 Cal.Rptr. 444, 523 P.2d 244), appellant argues she, as the child, also has an interest in maintaining the relationship. While we agree that appellant certainly has an interest in maintaining a relationship with the individuals who cared for her, we fail to see how the denial of the motion in any way affects appellant's interests.
In In re Kieshia E., supra, the California Supreme Court reaffirmed the notion that de facto parents have a substantial interest in maintaining the relationship they have forged with the child. (In re Kieshia E., supra, 6 Cal.4th at pp. 76-77, 23 Cal.Rptr.2d 775, 859 P.2d 1290.) The court noted that the "de facto parenthood doctrine simply recognizes that persons who have provided a child with daily parental concern, affection, and care over substantial time may develop legitimate interests and perspectives, and may also present a custodial alternative, which should not be ignored in a juvenile dependency proceeding." (Id. at p. 77, 23 Cal. Rptr.2d 775, 859 P.2d 1290.) The court further explained that the "standing accorded de facto parents has no basis independent *650 of these concerns." (Id. at pp. 77-78, 23 Cal.Rptr.2d 775, 859 P.2d 1290.)
A grant of de facto parent status gives a person the right to be present at the dependency hearing, to be represented by counsel, and to present evidence. (Cal. Rules of Court, rule 1412(e); In re Patricia L. (1992) 9 Cal.App.4th 61, 66, 11 Cal. Rptr.2d 631.) De facto parent status does not give the de facto parent the right to have the minor placed with him or her, nor does it entitle the de facto parent a right to reunification services. (In re Kieshia E., supra, 6 Cal.4th at p. 77, fn. 7, 23 Cal.Rptr.2d 775, 859 P.2d 1290; In re Cynthia C. (1997) 58 Cal.App.4th 1479, 1490-1491, & fn. 11, 69 Cal.Rptr.2d 1; Clifford S. v. Superior Court (1995) 38 Cal.App.4th 747, 752, 45 Cal.Rptr.2d 333.) "De facto parents are not equated with biological parents or guardians for purposes of dependency proceedings and standing to participate does not give them all of the rights and preferences accorded such persons." (In re Rachael C. (1991) 235 Cal.App.3d 1445, 1452, 1 Cal.Rptr.2d 473, disapproved on other grounds in In re Kieshia E., supra, 6 Cal.4th 68, 23 Cal.Rptr.2d 775, 859 P.2d 1290.)
It is clear from the foregoing discussion that de facto parent status provides the de facto parent only the right to be present, to be represented and to present evidence in a dependency proceeding. While courts have described the relationship as substantial, and one deserving of protection, this discussion relates to the reason why a de facto parent is accorded standing to appear in the proceeding. The rights afforded to a de facto parent affect only such persons, not any other party. Appellant, as a party to the dependency proceeding, is already afforded the right to be present, to be represented, and to present evidence. (§§ 349, 358, subd. (b); California Rules of Court, rule 1455(b).) The fact that Deborah and Orrie were denied de facto parent status in no way precluded appellant from presenting evidence regarding her relationship with them, or arguing that she should be placed with them. Indeed, appellant informed the court of her relationship with her aunt and uncle, called her aunt and uncle as witnesses to testify, elicited information regarding their relationship with her, and argued that she should be placed in their care. As the denial of the motion in no way affected appellant's rights, she lacks standing to appeal the ruling.
Appellant goes on to argue that she should have standing to appeal the denial of the de facto parent motion because the motion was brought on her behalf. Relying on In re Elizabeth M. (1997) 52 Cal. App.4th 318, 60 Cal.Rptr.2d 557, appellant contends that she, as the moving party, has standing to appeal the denial of the motion.
In Elizabeth M., the court held that a mother had standing to challenge the denial of her section 388 petition, noting that the mother was statutorily empowered to bring such a motion and explaining that she had an interest in promoting the best interest of her child. (In re Elizabeth M., supra, 52 Cal.App.4th at p. 324, 60 Cal. Rptr.2d 557.) Elizabeth M. is of no help to appellant because, as we have already explained, the juvenile court's ruling in the present case did not affect appellant's interests. Since appellant was not aggrieved by the denial of the motion, she lacks standing to appeal the ruling.

*651 II. The juvenile court did not abuse its discretion in denying appellant's placement with her aunt and uncle.[**]

DISPOSITION
The juvenile court's dispositional orders are affirmed.
ARDAIZ, P.J. and BUCKLEY, J., concur.
NOTES
[*] Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part II.
[**] Baxter, J., did not participate and Kennard, J., was of the opinion that the petition should be granted.
[1] All further references are to the Welfare and Institutions Code unless otherwise indicated.
[**] See footnote *, ante.