Filed 11/20/14  Tweedy-Ford v. Intong CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| DEBRA Y. TWEEDY-FORD, | |
| Plaintiff and Respondent, | E058087 |
| v. | (Super.Ct.No. IND1202109) |
| BILLIE J. INTONG, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Dale R. Wells, Judge.

Affirmed.

Billie J. Intong, in pro. per., for Defendant and Appellant.

No appearance for Respondent.

Defendant and appellant Billie J. Intong (maternal grandmother) appeals the

visitation order regarding her adopted daughter (granddaughter) entered on January 17,

2013.  She contends that she was within her rights to stop visitation of granddaughter

with plaintiff and respondent Debra Y. Tweedy-Ford (paternal grandmother) and the trial

1

court erred in considering the maternal grandfather's criminal case involving charges of molestation. We affirm.

## I. PROCEDURAL BACKGROUND AND FACTS

Following the death of both of her parents, granddaughter (born in 2004) was adopted by her maternal grandparents, Alejandro and Billie Intong. Paternal grandmother, Debra Tweedy-Ford, was permitted visitation; however, by November 26, 2012, maternal grandmother's actions prompted paternal grandmother to petition the court for an order for visitation.

On December 17, 2012, maternal grandmother filed a motion to quash the petition for visitation on the grounds that paternal grandmother's right to visitation was terminated when the dependency case for granddaughter was closed and the maternal grandparents' adoption of her was finalized on July 27, 2011. On December 26, 2012, maternal grandmother responded to the request for a visitation order, claiming she had attempted to work with paternal grandmother to assure visitation; however, she did "not believe that it is possible to come up with a visitation schedule to even co-exist" with paternal grandmother.

On January 17, 2013, the trial court considered the argument presented by both sides, along with the recommendation from the Child Custody Recommending Counselor (CCRC). Maternal grandmother opined that "one weekend a month would be appropriate," and "a couple of hours" on Christmas and Easter. Paternal grandmother noted that she had never objected to the adoption of granddaughter; however, she expressed concern over the maternal grandfather having "an outstanding [Penal Code,

2

section] 288 case, a felony child molestation charge pending for a child in the home."

Paternal grandmother wanted midweek visitation in addition to weekend visitation. The CCRC was recommending that paternal grandmother get granddaughter on alternate weekends, midweek, and part of each holiday, including granddaughter's birthday. The CCRC further recommended that paternal grandmother have three weeks of vacation each year. The trial court decided to follow the CCRC's recommendation.

On January 28, 2013, the trial court considered maternal grandmother's motion to quash paternal grandmother's action seeking visitation. Maternal grandmother argued that following her adoption of granddaughter, paternal grandmother's and paternal family's right to visitation ceased pursuant to Family Code[1] former section 8714.7 (now section 8616.5). Section 8616.5 provides for postadoption contact agreements that allow the adoptive child to remain in contact with his or her birth relatives. (§ 8616.5, subd. (a).) In response, paternal grandmother argued that section 3102[2] governs. Section 3102 allows for visitation by the paternal family given granddaughter's adoption by the

---

[1] All further references are to the Family Code unless otherwise indicated. Former section 8714.7 was renumbered to section 8616.5 in 2003. (Stats. 2003, ch. 251, § 8.)

[2] Section 3102, in relevant part, provides: "(a) If either parent of an unemancipated minor child is deceased, the children, siblings, parents, and grandparents of the deceased parent may be granted reasonable visitation with the child during the child's minority upon a finding that the visitation would be in the best interest of the minor child. [¶] (b) In granting visitation pursuant to this section to a person other than a grandparent of the child, the court shall consider the amount of personal contact between the person and the child before the application for the visitation order."

maternal family. The trial court agreed with paternal grandmother and denied the motion to quash.

## II. DISCUSSION

Maternal grandmother contends the trial court erred in allowing visitation with paternal grandmother against the parental wishes. Other than citing various federal authorities,[3] maternal grandmother has failed to provide this court with any argument and analysis of how these authorities support her claim of error. Rather, she sets forth her argument in a conclusory fashion with no attempted development through factual and legal analysis as required by California Rules of Court, rule 8.204(a)(1)(B). Thus, we may treat it as waived. (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830 ["absence of cogent legal argument or citation to authority allows this court to treat the contentions as waived"]; see *T.P. v. T.W.* (2011) 191 Cal.App.4th 1428, 1440, fn. 12 [court may decline to consider argument that "is not stated under a separate heading, is not sufficiently developed, and is unsupported by citation to authority"].) In any event, we conclude that section 3102 controls, allowing the trial court, in its discretion, to consider the circumstances presented and grant visitation. Given the record before this court, the trial court did not abuse its discretion.

Maternal grandmother claims that maternal grandfather was never served, nor was he included in the mediation process or subsequent hearings; however, the court

---

[3] Her lone cite to a California authority is to a case that stands for the proposition that "'[d]e facto parents are not equated with biological parents or guardians for purposes of dependency proceedings and standing to participate does not give them all of the rights and preferences accorded such persons.' [Citations.]" (*In re Crystal J.* (2001) 92 Cal.App.4th 186, 191.)

considered evidence of his criminal case. Although she argues that the consideration of evidence of his criminal case in his absence violated his due process rights and impugned his reputation, she fails to explain how the violation of maternal grandfather's rights affects the validity of the trial court's order for visitation. As previously noted, absent a cogent legal argument, we may treat the contention as waived. (*In re Marriage of Falcone & Fyke*, *supra*, 164 Cal.App.4th at p. 830; *T.P. v. T.W.*, *supra*, 191 Cal.App.4th at p. 1440, fn. 12.) Regardless, the trial court's reference to maternal grandfather's criminal case was based on the CCRC's recommendation that granddaughter "shall not be left alone in the presence of [maternal] grandfather, Alejandro Intong." (Boldface omitted.)

### III.  DISPOSITION

The order granting paternal grandmother's petition for visitation is affirmed. The parties shall each bear their own costs on appeal.[4]

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
Acting P. J.

We concur:

MCKINSTER
J.

CODRINGTON
J.

---

**4** Although paternal grandmother has prevailed on the merits in this appeal, she did so despite failing to file a respondent's brief. We decline, therefore, to award her costs. (California Rules of Court, rule 8.278, subd. (a)(5).)