Filed 8/21/20  In re A.F. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| In re A.F., a Person Coming Under the Juvenile Court Law. | C090732 |
| BUTTE COUNTY DEPARTMENT OF EMPLOYMENT AND SOCIAL SERVICES, | (Super. Ct. No. 19DP00049) |
| Plaintiff and Respondent, | |
| v. | |
| V.G., | |
| Appellant. | |

Appellant, V.G., and her former husband, L.J., were the legal guardians of A.F., a minor, from 2012 until the juvenile court terminated V.G.'s guardianship in August of 2019.  At the time it terminated V.G.'s guardianship, the juvenile court ordered visitation for V.G. to occur "at the sole discretion" of L.J.  On appeal, V.G. contends the juvenile court abused its discretion in issuing the visitation order.  Pursuant to California Rules of Court, rule 8.54, respondent Butte County Department of Employment and Social Services (DESS) moves to dismiss this appeal on grounds that V.G. lacks standing to

1

challenge the visitation order which forms the basis of this appeal. We agree and shall dismiss the appeal.

FACTS AND PROCEDURAL HISTORY

V.G. is the former probate guardian of the subject minor. A probate guardianship was established for the subject minor with coguardians, V.G. and L.J. Letters of guardianship were issued by the Butte County Superior Probate Court in 2012.

On February 26, 2019, a Juvenile Dependency Petition was filed regarding the subject minor which alleged that she came within the jurisdiction of the juvenile court under Welfare and Institutions Code section 300, subdivision (b) (statutory section references that follow are to the Welfare and Institutions Code, unless otherwise stated). Specifically, the petition alleged that the minor has suffered, or was at substantial risk of suffering, serious physical harm or illness due to the failure or inability of the parent or legal guardian(s) to supervise or protect the child adequately. The petition alleged that the "guardians refuse to have the minor in their care and no alternative arrangements were made leaving the minor without adequate provisions." On February 28, 2019, the minor was ordered detained.

At the jurisdiction hearing on March 14, 2019, the petition was sustained, and a disposition hearing was scheduled. DESS filed a disposition report recommending that reunification services be offered to the guardians. At the disposition hearing on May 2, 2019, DESS advised court and counsel that the recommendation would be changed to dismiss the action, but that additional time would be needed to furnish the court with updated information in support of the modified recommendation, including the necessary information pursuant to section 361.2.

At the continued disposition hearing on May 23, 2019, the juvenile court became aware that the probate court had issued an order terminating the probate guardianship because the guardians failed to file a report. In response, the dependency court, sua

2

sponte, set aside the probate court's order terminating the guardianship, asserting that it had exclusive authority over custody issues pertaining to the minor.

Subsequently, DESS filed an addendum report recommending that the subject minor remain in the care of guardian L.J. and that dependency be dismissed pursuant to section 390. According to the report, L.J. had previously indicated that he was unwilling to care for the minor "long term" but he was now indicating that he was ready and able to fulfill his long-term obligations as the minor's guardian.

During the continued disposition on June 20, 2019, the dependency court stated, with respect to V.G.: "We do not need to have a guardian on here who is not appropriate for this child. . . . [¶] [¶] And she hasn't been here since the first proceeding. Grandmother, Mother, co-guardian all disagree that, and the child all disagree that, [V.G.] should be involved." At that hearing, counsel for L.J., indicated that she would be filing a motion under section 388 seeking to terminate the probate guardianship relating to V.G. only, thereby leaving the subject minor with L.J. as her sole guardian.

On July 24, 2019, DESS filed a motion under section 388 seeking authorization to petition the juvenile court to terminate V.G.'s probate guardianship over the minor pursuant to section 728. The motion alleged that V.G. had "not fulfilled her obligations as Legal Guardian. Since the minor was detained [V.G.] has moved out of Butte County, has failed to maintain contact with Children's Services and has not engaged in services to address the concerns which [led] to the minor's removal." The dependency court granted DESS's request for authorization to file a motion seeking to terminate V.G.'s guardianship pursuant to section 728. DESS then filed a motion under section 388 seeking to terminate V.G.'s guardianship over the minor pursuant to section 728.

A hearing took place on August 29, 2019, regarding DESS's motion seeking to terminate V.G.'s probate guardianship. The dependency court found that V.G. was given adequate notice of the request. V.G.'s court appointed counsel indicated that she left several messages for her client but never received a response. The dependency court then

3

granted the request by terminating the probate guardianship regarding V.G. such that "[L.J.] will remain as the sole guardian of the person [and] the estate of this child, and [the dependency court] will notify the probate court that I have heard this as a probate judge, removed a guardian, [and] left the remaining guardian." Following this order, counsel for the minor's biological mother requested a visitation order for the minor's mother and grandmother. Counsel for DESS clarified, "We don't need an order. Ordinarily with a guardianship, it's the guardian that has the discretion to establish that." The court agreed that no orders were necessary and that L.J. would arrange appropriate visitation with them. Counsel for V.G. did not raise any objection or request with respect to visitation.

After the court terminated V.G.'s guardianship, it proceeded to the issue of disposition and ordered that the matter be dismissed under section 390. In its subsequent written order, the court clarified in an attachment to the dispositional orders that "[V.G.]'s visits shall occur at the sole discretion of Guardian [L.J.] pending further order of the court." V.G. did not seek any further orders related to visitation in the court below.

V.G. filed her notice of appeal on October 28, 2019, indicating that she was appealing an order appointing a guardian. However, her sole claim on appeal is that the court abused its discretion in issuing the visitation order.

## DISCUSSION

As a preliminary matter, DESS moves to dismiss the appeal, arguing that V.G. lacks standing to appeal the visitation order because her guardianship was terminated prior to the issuance of the visitation order, thus she had no legally cognizable interest in visitation. DESS is correct.

The right to appeal in dependency cases is governed by section 395. That statute provides: "A judgment in a proceeding under Section 300 may be appealed in the same manner as any final judgment, and any subsequent order may be appealed as an order

4

after judgment." Such orders are reviewed for abuse of discretion. (*In re Stephanie M.* (1994) 7 Cal.4th 295, 316-318.) The right to appeal is limited to a party aggrieved by the order. (Code Civ. Proc., § 902; *In re Crystal J.* (2001) 92 Cal.App.4th 186, 189-190.) "To be aggrieved, a party must have a legally cognizable immediate and substantial interest which is injuriously affected by the court's decision. A nominal interest or remote consequence of the ruling does not satisfy this requirement." (*In re Carissa G.* (1999) 76 Cal.App.4th 731, 734.) " 'Whether one has standing in a particular case generally revolves around the question whether that person has rights that may suffer some injury, actual or threatened.' " (*Cesar V. v. Superior Court* (2001) 91 Cal.App.4th 1023, 1034.)

Here, V.G. did not challenge the order terminating her guardianship. Nor did she formally request visitation below. Instead, she appealed the court's visitation order issued following the uncontested termination of her guardianship. As a result, V.G.'s status is one of a former guardian. She has not cited any authority for the proposition that she is entitled to visitation or has a legally cognizable interest in visitation when she is no longer the minor's guardian and failed to request visitation below. While a court *may* order visitation for a former guardian at its discretion if it is in the minor's best interest to do so, V.G. has failed to cite any authority conferring a right to visitation upon a former guardian. Family Code section 3105, subdivision (b) provides, "The court may grant reasonable visitation rights to a person who previously served as the legal guardian of a child, if visitation is determined to be in the best interest of the minor child." Similarly, California Rule of Court 7.1008(a) provides that "a guardian may request the court to order visitation with the child under guardianship at the time of termination of the guardianship either in the guardian's petition for termination or in the guardian's objections or other pleading filed in response to the petition of another party for termination. The court may then order visitation if it is in the best interest of the child." Neither of these provisions confer a legally cognizable right to visitation such that a

former guardian would have standing to challenge a visitation order where she never requested visitation during or following the dependency proceedings.

We find this court's prior reasoning in *In re P.R.* instructive. (*In re P.R.* (2015) 236 Cal.App.4th 936.) There, the mother sought to challenge the juvenile court's placement decision on appeal. (*Id.* at p. 940.) However, because her parental rights were already terminated and she failed to either contest the termination or make any "argument as to how alleged placement errors might be related to the termination decision, she lack[ed] standing to challenge matters related to the minor's placement." (*Ibid.*; see also *In re K.C.* (2011) 52 Cal.4th 231, 237 [reasoning that where the father did not "contend the order terminating his parental rights was improper in any respect," he did not have any "remaining, legally cognizable interest in [the minor's] affairs, including his placement"].) Accordingly, her appeal was dismissed. (*In re P.R.* at pp. 940-941.) Similar to the procedural history in *In re P.R.*, here, V.G.'s guardianship was terminated, and she failed to contest the termination below or in the present appeal. Instead, she seeks to challenge a related visitation order. Under the circumstances here, she does not have any remaining legally cognizable interest in the minor's affairs, including visitation with the minor, when her rights as a guardian have been terminated. (Cf. *Clifford S. v. Superior Court* (1995) 38 Cal.App.4th 747, 752 [reasoning that a de facto parent, such as a stepparent, is not a parent or guardian and thus does not have a right to reunification services, custody or visitation; accordingly, if such "a person is given services to which he or she is not entitled, there is no right to complain on appeal"].)

Finally, we conclude that V.G. lacks standing because she failed to request visitation pursuant to any discretionary provision below. Had she requested visitation rights pursuant to California Rule of Court 7.1008(a) and her request was denied, V.G. may have had standing to challenge such a denial. But she never made such a request. Rather, following the disposition hearing, the court sua sponte issued an order clarifying that L.J., as the sole guardian, could allow any visits with V.G. in his own discretion. It

6

is unclear that this order was necessary since V.G. never requested visitation rights and as the court agreed during the hearing with respect to visitation with the mother and grandmother, such visitation would be in L.J.'s discretion as the sole guardian. Accordingly, the court's order did not affect V.G.'s legally cognizable and substantial interests. Had the court not issued this order, V.G.'s visits with the minor would have still been informal and within the sole discretion of the minor's guardian because she never sought formal visitation rights. In other words, the court's order clarified but did not alter the status quo resulting from V.G.'s termination of guardianship. Accordingly, she cannot assert a legally cognizable interest in the order providing that any visitation with the minor would occur within the sole discretion of the minor's remaining legal guardian. Therefore, V.G. lacks standing to challenge the visitation order which forms the basis of this appeal.

DISPOSITION

The appeal is dismissed.

_____

HULL, Acting P. J.

We concur:

_____

DUARTE, J.

_____

RENNER, J.

7