Filed 10/11/23  In re Ja.P. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| In re Ja.P. et al., Persons Coming Under the Juvenile Court Law. | B321468 (consolidated with B321471) (Los Angeles County Super. Ct. No. 21CCJP02855A–B) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>M.A.,<br><br>        Defendant and Appellant. | |

APPEAL from an order of the Superior Court of the County of Los Angeles, Peter R. Navarro, Judge Pro Tempore. Dismissed.

Darlene A. Kelly, under appointment by the Court of Appeal, for Defendant and Appellant.

John P. McCurley, under appointment by the Court of Appeal, for Defendant and Respondent.

Dawyn R. Harrison, Interim County Counsel, Veronica Randazzo, Deputy County Counsel, for Plaintiff and Respondent.

---

## I.     INTRODUCTION

M.A (mother) appeals from an exit order that granted J.P. (father) unmonitored visitation with the children, Ja.P. (born in 2008) and Jac.P. (born in 2011), arguing that the juvenile court abused its discretion in issuing the order.  The right to appeal from such an order, however, is generally limited to parties aggrieved by it.  (Code of Civ. Proc., § 902; *In re Crystal J.* (2001) 92 Cal.App.4th 186, 189–190; *In re Carissa G.* (1999) 76 Cal.App.4th 731, 734 ["To be aggrieved, a party must have a legally cognizable immediate and substantial interest which is injuriously affected by the court's decision.  A nominal interest or remote consequence of the ruling does not satisfy this requirement"].)[1]  We conclude that because mother is not

---

[1]     The children requested that the juvenile court grant father unmonitored visitation and, therefore, they did not appeal from the exit order granting such relief.  And, although the Department joined in mother's request that father's visitation be

2

aggrieved by the order, she lacks standing to bring this appeal and that, even if she was aggrieved, the juvenile court did not abuse its discretion by ordering unmonitored visitation.

## II. BACKGROUND

On August 10, 2021, the Department sustained an amended Welfare and Institutions Code section 300 petition that alleged father's sexual abuse of the children's two adult half-sisters, when those siblings were minors, and mother's failure to protect the children placed the children at risk of serious physical harm and sexual abuse. The court ordered the children removed from father and granted father monitored visitation two times a week for two hours each visit. The court granted father reunification services and ordered him to participate in sex abuse counseling and individual counseling.

On January 31, 2022, the Department filed a status review report. Jac.P. told the social worker that he wished to see father more often. Ja.P. had initially declined to visit with father, but then told the social worker that she missed father and wished to participate in visits with him. She was subsequently "very happy" to see father on visits. A social worker observed that the monitored visits were going well. The children's therapist reported that she had no concerns about abuse or neglect of the children, who appeared to love father and spoke of him in a

monitored, it did not file a respondent's brief, and instead filed a letter stating that "the proper respondent is father whose rights are impacted by the outcome of this appeal" and therefore took no position on whether the unmonitored visitation order was an abuse of discretion.

positive manner. Father had enrolled in individual counseling and missed only one session. The therapist reported that father "appear[ed] to be [a] protective and loving father." Father had also enrolled in sexual abuse counseling and had participated in 13 sessions, but missed three. Although father had "good participation," he continued to deny that he sexually abused the older siblings.

On February 8, 2022, the juvenile court conducted a status review hearing at which it concluded that continued jurisdiction was necessary and continued all prior orders.

On May 3, 2022, the Department filed a status review report explaining that father was in compliance with his case plan. Further, an in-home outreach counselor expressed that she did not have any safety concerns for the children and that the children reported being close to father. Father's therapist reported that father participated in 30 sessions and had two absences. Although father actively participated in the sessions, he continued to deny engaging in sexual abuse. The therapist observed that father lacked insight and she therefore recommended further individual therapy. Father's sexual abuse counselor reported that father attended 24 sessions and missed four, three of which were excused. Father had "good participation, ask[ed] questions, [was] receptive to comments, and provid[ed] his peers with his feedback." He persisted, however, in his denials of the sustained sexual abuse allegations against him. The counselor stated he would provide further updates on father's progress. The children reported feeling comfortable and safe with father. They enjoyed their visits and looked forward to spending more time with him. And, they wanted their visits to be unmonitored. The Department

4

recommended that jurisdiction be terminated with an order granting joint legal custody to the parents, primary physical custody to mother, and monitored visits for father.

On May 18, 2022, the parties appeared for a review hearing. Father requested that the visits with his children be unmonitored. Mother did not object to jurisdiction being terminated, but opposed father's request for unmonitored visitation. The children's counsel did not oppose the termination of jurisdiction and related that the children wished to have more visits and for those visits to be unmonitored. The Department objected to unmonitored visitation for father.

The juvenile court terminated jurisdiction, granted the parents joint legal custody, and granted mother sole physical custody. It also granted father two, three-hour visits with the children, which were to be unmonitored, but in a public setting, from noon to 3:00 p.m. on a Saturday or Sunday. Further, father was ordered to confirm his visits 24 hours in advance. The court noted the children's ages, one being a teenager, and that they had expressed a desire for visitation.

Mother timely appealed.

## III. DISCUSSION

### A. *Standing*

The parties fully briefed the abuse of discretion issue on the merits. But, because the standing issue was not raised by the parties, we requested supplemental letter briefs addressing it. In her supplemental brief, mother contends that she is aggrieved by the exit order's grant of unmonitored visitation to father.

5

According to mother, by authorizing unsupervised visits with father, the order impairs her ability to protect the children from him by requiring her to seek a family court order based on changed circumstances before she can restrict his access to them.[2]  Father counters that mother's interest in the order is insufficient to support standing and that she has an adequate remedy in the family court to seek restrictions on visitation.

Mother, whose custodial rights to the children have already been reinstated, does not have "a legally cognizable immediate and substantial interest" in the challenged exit order.  (See *In re Carissa G., supra*, 76 Cal.App.4th at pp. 734, 736 [that a parent takes a position on a matter at issue in a juvenile dependency case that affects his or her child does not alone constitute a sufficient reason to establish standing to challenge an adverse ruling on it]; *In re Devin M.* (1997) 58 Cal.App.4th 1538, 1541 ["[A] parent's interest is in reunification.  The interest of siblings or other relatives in their relationship with the minor is separate from that of the parent"].)  Accordingly, she lacks standing to appeal from it.

B.      *Abuse of Discretion*

But even if we assumed that mother's interest in protecting the children was sufficient to support standing on appeal to challenge the exit order, we would conclude that the juvenile

---

[2]      Mother additionally contends that prior to the initiation of juvenile court proceedings, she had "sole legal and physical custody of the children."  Mother's contention is contrary to the record, which indicates that prior to the instant proceedings, the parents were not parties to a family law order.

court did not abuse its discretion by granting father unmonitored visitation.

We review a juvenile court's exit orders for an abuse of discretion. (*In re M.R.* (2017) 7 Cal.App.5th 886, 902.) "'"The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason. When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court."' [Citations.]" (*In re Stephanie M.* (1994) 7 Cal.4th 295, 318–319.)

On appeal, mother argues that father's continued denial of sexual abuse and his lack of progress in therapy and sexual abuse counseling—as demonstrated by the therapist recommending further therapy and the sexual abuse counselor assuming the need for such further counseling—supported an inference that he was a continuing danger to the children. In making that argument, however, mother ignores other evidence supporting an equally reasonable inference that the children would not be not be at risk during the visits.

Although father, throughout the course of the proceedings, denied the alleged sexual abuse of the adult half-siblings, the record also showed that he willingly and "actively" participated in the court-ordered services, attending 30 individual therapy sessions and 24 sexual abuse counseling sessions. The record also showed that the children felt comfortable and safe around father, enjoyed and looked forward to their visits with him, and wanted those visits to be unmonitored. In addition, there were no current allegations involving the children similar to the past claims of serious abuse against father and, as the juvenile court noted, the children were old enough to recognize and report any such inappropriate conduct. Finally, the court did not grant

father unfettered access to the children, and instead limited his contact to three hours during the weekend, between noon and 3:00 p.m., in a public setting.

Having reviewed the evidence under the applicable standard of deferential review, we would conclude that the juvenile court did not abuse its discretion in issuing an exit order that granted father unmonitored visitation.

## IV.   DISPOSITION

Mother's appeal from the exit order granting father unmonitored visitation with the children is dismissed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM, J.

I concur:

MOOR, J.

8

In re Ja.P. et al.
B321468


BAKER, Acting P. J., Concurring in Part and Dissenting in Part


I do not agree M.A. lacks standing such that the appeal should be dismissed.  I do agree the limited order for unmonitored visitation the juvenile court made was not an abuse of its discretion.  I would accordingly affirm the order challenged on appeal.


BAKER, Acting P. J.