[Civ. No. 54041. First Dist., Div. One. Nov. 2, 1982.]

In re ANN S., a Minor.
DEPARTMENT OF SOCIAL SERVICES, Petitioner and Respondent, v.
OTTO S. et al., Objectors and Appellants.

COUNSEL

Bruce G. Calderwood, under appointment by the Court of Appeal, for Objectors and Appellants.

George Agnost, City Attorney, and Jerry Hurtubise, Deputy City Attorney, for Petitioner and Respondent.

OPINION

ELKINGTON, J.—The *parents* of Ann S., aged 13, have appealed from orders of the juvenile court taking her physical custody from them, as a result of charges and evidence that (1) the *father* had brutally beaten the minor, and (2) that her *mother* had failed to protect the minor from the physical abuse of the father.

At the end of a somewhat lengthy juvenile court hearing, and before any order was made, the minor's court-appointed attorney stated to the presiding

court commissioner: "Your Honor, there is one thing Ann . . ., which was going to tell the court just before she stepped down, and as she informed me she would request the court to appoint her a new attorney. . . . That is her request. I informed the court of this." The commissioner responded: "She will keep her present attorney at least until the conclusion of the matter."

Upon recommendation of the commissioner, the juvenile court thereafter entered the orders from which the appeal is taken.

■ Minors, no less than adults, are " 'persons' under our Constitution . . . possessed of fundamental rights which the State must respect. . . ." (*Tinker* v. *Des Moines School Dist.* (1969) 393 U.S. 503, 511 [21 L.Ed.2d 731, 740, 89 S.Ct. 733].)

It is the appeal's contention that constitutional error condemned by *Marsden* (*People* v. *Marsden* (1970) 2 Cal.3d 118 [84 Cal.Rptr. 156, 465 P.2d 44]) was committed by the commissioner, and that Ann was entitled to the protection of that authority's holding. We agree.

*Marsden* teaches: "A trial judge is unable to intelligently deal with a defendant's request for substitution of attorneys unless he is cognizant of the grounds which prompted the request. The defendant may have knowledge of conduct and events relevant to the diligence and competence of his attorney which are not apparent to the trial judge from observations within the four corners of the courtroom. . . . Thus, a judge who denies a motion for substitution of attorneys solely on the basis of his courtroom observations, despite a defendant's offer to relate specific instances of misconduct, abuses the exercise of his discretion to determine the competency of the attorney." (2 Cal.3d pp. 123-124.)

■ We conclude that under *Marsden* the commissioner should have made inquiry into the causes of Ann's dissatisfaction with her court-appointed attorney and, if the complaint appeared valid, he should have taken corrective action in accordance with law. The complained of orders will accordingly be reversed.

■ We have considered respondent's argument that: "The parents of a minor do not have standing to assert the minor's right to adequate counsel." Code of Civil Procedure section 902 provides that "[a]ny party aggrieved may appeal" in civil cases such as this. We may not reasonably say, as a matter of law, that the parents of Ann are not here aggrieved. We have therefore entertained the appeal.

The orders from which the appeal is taken are reversed; the juvenile court will take further proceedings not inconsistent with the views we have expressed.

Racanelli, P. J., and Newsom, J., concurred.