40 Cal.App.4th 875 (1995)
46 Cal. Rptr.2d 929
In re GARY P. et al., Persons Coming Under the Juvenile Court Law.
ORANGE COUNTY SOCIAL SERVICES AGENCY, Plaintiff and Respondent,
v.
FRANCES S., Defendant and Appellant.
Docket No. G017415.
Court of Appeals of California, Fourth District, Division Three.
November 30, 1995.
*876 COUNSEL
Conrad Herring, under appointment by the Court of Appeal, for Defendant and Appellant.
Terry C. Andrus, County Counsel, and Nicholas S. Chrisos, Deputy County Counsel, for Plaintiff and Respondent.
Harold F. LaFlamme and Karen S. Cianfrani, under appointments by the Court of Appeal, for the Minors.
OPINION
RYLAARSDAM, J.
Frances S. (mother) appeals from a judgment of the juvenile court terminating her parental rights and releasing minors Gary P., Brittany P., and David P., for adoption. (Welf. & Inst. Code, § 366.26.) The sole ground for this appeal is mother's contention the judgment is not in the best interest of minors because adoption would sever ties with the maternal grandmother, depriving them of the fundamental right to an extended family. (1) In affirming, we decline to address the merits of this claim since we hold mother lacks standing to raise issues affecting another person's interests.
Welfare and Institutions Code section 395 provides a judgment in a dependency proceeding "may be appealed from in the same manner as any *877 final judgment." As one of minors' parents, mother is clearly entitled to appeal. (Cal. Rules of Court, rule 1435(b).) But, "[a]n appellant cannot urge errors which affect only another party who does not appeal." (In re Vanessa Z. (1994) 23 Cal. App.4th 258, 261 [28 Cal. Rptr.2d 313]; see also In re Sarah M. (1991) 233 Cal. App.3d 1486, 1503-1504 [285 Cal. Rptr. 374].) The question presented here is whether mother is an aggrieved party concerning the severance of grandmother's ties with the minors. (Code Civ. Proc., § 902.)
In re Daniel D. (1994) 24 Cal. App.4th 1823 [30 Cal. Rptr.2d 245] rejected the mother's attack on the trial court's refusal to grant a grandmother de facto parent status. The court noted the mother, "lacks standing to raise those issues because her interests are not prejudiced by the denial of de facto status to the grandmother." (Id. at p. 1835.) Since she was "not aggrieved by denial of [that] ... request ..., [mother] may not challenge such [a] ruling on appeal." (Id. at p. 1836.) Here, the situation is similar. Mother is not raising any issue concerning her rights. She is not aggrieved by the fact the juvenile court's judgment may sever the grandmother's ties with minors. Thus, she may not challenge the judgment on the grandmother's behalf.
Mother's reliance on Moore v. East Cleveland (1977) 431 U.S. 494 [52 L.Ed.2d 531, 97 S.Ct. 1932], for the proposition that the right to an extended family is protected by the due process clause of the Fourteenth Amendment, is inapposite. Moore involved the constitutionality of a municipal ordinance limiting occupancy of a dwelling unit to members of a single family and which defined as a "family" only a few categories of related individuals. Nothing in the opinion grants standing to a person not affected by the result. Indeed, grandparents have no absolute right to custody of their grandchildren. (See In re Albert B. (1989) 215 Cal. App.3d 361, 381 [263 Cal. Rptr. 694].)
Mother was entitled to appeal the judgment based on some injury to her interests. This appeal, however, is devoid of any argument the judgment adversely affects her rights. The judgment is affirmed.
Sonenshine, Acting P.J., and Wallin, J., concurred.