97 Cal.Rptr.2d 88 (2000)
81 Cal.App.4th 700
In re FRANK L., a Person Coming Under the Juvenile Court Law.
San Diego County Health and Human Services Agency, Plaintiff and Respondent,
v.
Sonia P., Defendant and Appellant.
No. D034497.
Court of Appeal, Fourth District, Division One.
May 25, 2000.
Review Denied August 16, 2000.[*]
*89 Suzanne F. Evans, under appointment by the Court of Appeal, San Diego, for Defendant and Appellant.
John J. Sansone, County Counsel, Susan Strom, Chief Deputy County Counsel, and Patrice Plattner-Grainger, Deputy County Counsel, for Plaintiff and Respondent.
Robert Wayne Gehring, under appointment by the Court of Appeal, San Diego, for Minor.
WORK, J.
Sonia P. (Mother) appeals the juvenile court's order placing her son Frank with his paternal aunt (Aunt) in North Carolina because separating Frank from his siblings was not in his best interests. Mother also contends Frank received ineffective assistance of counsel because attorney represented him as well as two of his siblings. Because Mother has no standing to raise either issue, we affirm the order.

FACTUAL AND PROCEDURAL BACKGROUND
A January 1998 dependency petition alleges Mother was incarcerated,[1] there was no other adult[2] available to care for *90 Frank, and his father's whereabouts were unknown. A true finding was made on the petition in July.
Frank's two siblings, C. and Joseph, live in San Diego. C. was diagnosed with oppositional defiant disorder and dysthymic disorder, early onset. Joseph also had a depressive disorder and had been living in a licensed group home since March 1995 due to his need for a secure, structured, therapeutic setting.
The social worker located Father shortly before the 12-month review hearing. Father was unable to provide a home for Frank, but asked if he could be placed with father's sister (Aunt), a licensed foster care parent in North Carolina. Aunt, who had not seen Frank since he was one year old, was willing to take Frank and become his guardian, and was willing to take C. if her other foster care child was removed from her home. Mother was opposed to Frank going to North Carolina, but stated that Aunt is a "nice lady with a very nice home."
At the 12-month hearing, the court found clear and convincing evidence that there was a compelling reason that Frank was not a proper subject of adoption and had no one willing to accept legal guardianship. Accordingly, the court set the permanent plan for long-term foster care and set a postpermanency review hearing. Mother did not seek review of this determination.
In August, Aunt's home was approved as an acceptable placement. Aunt and her husband were committed to providing a stable home for Frank and believed it was important for the family to stay together. They wanted to be foster parents because they could not have children of their own.
At the post permanency hearing, Joseph testified he did not want Frank to move to North Carolina because they would not be able to see each other. C. testified she did not want Frank to move because she would miss him. Frank testified it was a "good idea" for him to live with Aunt. Although he would be a "little sad" about leaving his siblings, he would rather live with Aunt than stay with C.
The social worker recommended Frank be placed with Aunt and that separating the siblings would be detrimental to C. and Joseph, but not Frank.
The court ordered Frank be placed in North Carolina with Aunt, and that funds be provided for telephone calls among the siblings.

ANALYSIS
The Agency contends Mother does not have standing to contest the finding that it is in Frank's best interest to be placed with Aunt. In response to our request, the Agency also stated Mother does not have standing to assert an ineffective assistance of counsel argument on Frank's behalf. We conclude that Mother does not have standing to raise either issue.
Generally, parents can appeal judgments or orders in juvenile dependency matters. (In re Carissa G. (1999) 76 Cal.App.4th 731, 734, 90 Cal.Rptr.2d 561.) However, a parent must also establish she is a "party aggrieved" to obtain a review of a ruling on the merits. (Ibid.) Therefore, a parent cannot raise issues on appeal from a dependency matter that do not affect her own rights. (In re Devin M. (1997) 58 Cal.App.4th 1538, 1541, 68 Cal. Rptr.2d 666.) Standing to appeal is jurisdictional. (Marsh v. Mountain Zephyr, Inc. (1996) 43 Cal.App.4th 289, 295, 50 Cal.Rptr.2d 493.)
The interest of siblings or other relatives in their relationship with the minor is separate from that of the parent. (In re Devin M., supra, 58 Cal.App.4th at p. 1541, 68 Cal.Rptr.2d 666.) Therefore, a parent has no standing to raise an issue related to the minor's right to visit his siblings. (In re Nachelle S. (1996) 41 Cal. *91 App.4th 1557, 1561, 49 Cal.Rptr.2d 200.) Likewise, the parent has no standing to raise issues related to the minor's right to see his grandparents. (In re Gary P. (1995) 40 Cal.App.4th 875, 877, 46 Cal. Rptr.2d 929.)
Because Mother's argument that the court's order does not serve Frank's best interest is based on the potential change in Frank's relationship with his siblings or his grandmother, an issue not related to Mother's interest, she lacks standing to raise that issue on appeal. (In re Nachelle S., supra, 41 Cal.App.4th at p. 1562, 49 Cal.Rptr.2d 200 [mother does not have the right to raise any issue of the minor's best interest].)
Likewise, Mother does not have standing to raise the issue of whether Frank's counsel was ineffective as a result of his counsel's representation of him and his siblings. Mother claims she has standing because her parental rights are still intact, giving her the right to appeal any decision affecting Frank's best interest. She also claims standing because her interests are intertwined with C.'s and Joseph's interests, neither of whom wants Frank to go to North Carolina.
However, these factors do not give Mother standing. "[T]he mere fact a parent takes a position on a matter at issue in a juvenile dependency case which affects his or her child does not alone constitute a sufficient reason to establish standing to challenge an adverse ruling on it." (In re Carissa G., supra, 76 Cal.App.4th at p. 736, 90 Cal.Rptr.2d 561.) To have standing, Mother must show how the alleged conflict of interest affects her. Instead, she only cites its adverse impact on Frank, C. and Joseph. Without some showing that her personal rights were affected, Mother has no standing.
Nor does the fact Mother's interests may be intertwined with Joseph and C. create standing. Even if the fact that Joseph's and C.'s interests conflicted with Frank's would give them standing to raise that issue on appeal, they have not done so and Mother cannot do so on their behalf.
The decisions cited by Mother, In re Patricia E. (1985) 174 Cal.App.3d 1, 219 Cal.Rptr. 783, In re Elizabeth M. (1991) 232 Cal.App.3d 553, 283 Cal.Rptr. 483, In re James S. (1991) 227 Cal.App.3d 930, 278 Cal.Rptr. 295, and In re Ann S. (1982) 137 Cal.App.3d 148, 188 Cal.Rptr. 1, do not demonstrate she can claim standing. In Patricia E., a father had standing to contest the performance of the county counsel who represented both the welfare department and the minor, because the child's welfare and the parent-child relationship were at stake in the dependency proceeding. (In re Patricia E., supra, 174 Cal. App.3d at p. 5, 219 Cal.Rptr. 783.) The critical issue in Patricia E. was whether the child should be returned to her father's care. (Id. at pp. 4-5, 219 Cal.Rptr. 783.) Here, however, because of Frank's placement in long-term foster care, the parent-child relationship is no longer at stake. (See e.g., In re Taya C. (1991) 2 Cal. App.4th 1, 7, 2 Cal.Rptr.2d 810 [the tie between parent and child is severed by the referral to the section 366.26 hearing].)
Elizabeth M. merely reiterates the Patricia E. holding without further analysis in a factual scenario not applicable here. (In re Elizabeth M., supra, 232 Cal.App.3d at p. 565, 283 Cal.Rptr. 483.) James S. addresses whether a father may raise an ineffective assistance of counsel argument as to mother's counsel when the mother also appealed. (In re James S., supra, 227 Cal.App.3d at p. 933, fn. 6, 278 Cal.Rptr. 295.)
Ann S., a factually sparse opinion, holds that parents have standing to appeal an order removing their child from their physical custody because the court could "not reasonably say, as a matter of law," that the parents were not aggrieved. (In re Ann S., supra, 137 Cal.App.3d at p. 150, 188 Cal.Rptr. 1.) There, the 13-year-old's counsel had advised the court the child wanted a new attorney, and the court did *92 not hold a hearing under People v. Marsden (1970) 2 Cal.3d 118, 84 Cal.Rptr. 156, 465 P.2d 44. We cannot determine at what phase of the proceedings this request occurred, except to surmise that the hearing was the detention hearing at a time the parents' rights were directly at issue. This decision does not support standing for Mother in our case.
The thrust of Mother's brief is that it was not in C.'s and Joseph's best interests for Frank to move to North Carolina. Although the continued association of a child to his siblings is a factor to be considered, the benefit to those siblings does not give Mother the right to appeal, nor is it a factor in determining Frank's placement.

DISPOSITION
The order is affirmed.
KREMER, P.J., and HUFFMAN, J., concur.
NOTES
[*] Mosk, J., and Baxter, J., dissented.
[1] Mother was incarcerated for drug charges, petty theft and probation violation.
[2] Frank and C.'s maternal grandmother had been their primary caretaker. However, in 1997, Grandmother was incarcerated on drug charges and parole violations.