[No. F042652. Fifth Dist. Aug. 14, 2003.]

In re SALVADOR M., a Person Coming Under the Juvenile Court Law.
KERN COUNTY DEPARTMENT OF HUMAN SERVICES, Plaintiff and
Respondent, v.
MONICA G., Defendant and Appellant.

## COUNSEL

Linda J. Conrad, under appointment by the Court of Appeal, for Defendant and Appellant.

B. C. Barmann, Sr., County Counsel, and Jennifer L. Thurston, Deputy County Counsel, for Plaintiff and Respondent.

## OPINION

**THE COURT.**—Appellant Monica G. challenges the juvenile court's denial of her motions for presumed mother status and de facto parent status as to her half brother Salvador. We conclude the juvenile court erred in finding she was not Salvador's presumed mother and grant relief on that basis.

### STATEMENT OF THE CASE AND FACTS

Appellant is the adult half sister of Salvador, the subject of the instant juvenile proceedings. Appellant was living with her mother, Rosa, in September 1994 when Rosa gave birth to Salvador. At the time, appellant was 18 years old with a one-year-old daughter of her own, Maria. Salvador's father was a married man and Rosa never identified him to the family. She revealed only his first name, "Juan," and the city where he lived. Together, appellant and Rosa cared for both infants. Appellant treated Salvador as if he were her own son and even breast-fed him when Rosa could no longer do so.

In 1997, Rosa died in an explosive car crash. Appellant continued to care for then three-year-old Salvador in her home. In October 2000, appellant gave

---

*Before Dibiaso, Acting P. J., Harris, J., and Levy, J.

birth to Luis and continued to raise the three children as her own. Salvador believed appellant was his mother and that Maria and Luis were his brother and sister. The only people who knew differently were appellant's family and the officials where Salvador attended school. Appellant never obtained legal custody of Salvador.

In November 2002, appellant was arrested for possession of methamphetamine for sale. The Kern County Department of Human Services (department) placed then nine-year-old Maria, eight-year-old Salvador and two-year-old Luis in protective custody. Appellant told the social worker that Salvador was her brother. The social worker also spoke to Salvador who referred to appellant as "Mom" and Maria and Luis as his "brother" and "sister." The social worker's impression was that Salvador did not know that appellant was his sister and her children were his niece and nephew. The department filed dependency petitions on the children's behalf, listing Rosa as Salvador's mother and "Juan" as his father. The dependency petitions alleged Maria and Luis were minors described by Welfare and Institutions Code section 300,[1] subdivision (b) (failure to protect) and Salvador was a minor described by section 300, subdivision (g) (no provision for support).

Appellant and Isaiah, Maria's alleged father, appeared at the jurisdictional hearing. Appellant was awaiting trial on drug charges and Isaiah had traveled from his home in Arizona. The court declared Isaiah to be Maria's presumed father and granted visitation. The court also sustained the allegations and set the matter for disposition.

Prior to the dispositional hearing, appellant filed a motion for de facto parent status and a motion to establish maternity. County counsel filed opposition to both motions. In a declaration attached to her motion to establish maternity, appellant averred: "Our mother died at the scene of an explosive car crash when Salvador was three. I have continued to care for Salvador as my child. He thinks of me as his mother and I think of him as my son. Our family knows of the actual relationship between Salvador and me and I have been truthful in official matters such as school registration, but to the rest of the world, Salvador is my son."

In its dispositional report, the department informed the court Salvador was very bonded to appellant and believed she was his mother. For her part, appellant was anxious and willing to reunify with her children. She signed an initial case plan agreeing to participate in substance abuse counseling, parent training and child neglect counseling and submit to random drug testing. She was enrolled in parent training and was scheduled for a substance abuse

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise indicated.

intake appointment. The department further reported Salvador was placed in foster care with his niece and nephew and that the maternal great-aunt and uncle were the only relatives interested in providing a home for the children. The department recommended long-term foster care for Salvador, preferably with a relative.

The dispositional hearing was conducted on February 21, 2003. After argument, the court denied appellant's motions, finding she did not qualify as either a de facto parent or a presumed mother. In denying appellant presumed mother status, the court found she failed to establish that she held Salvador out to the community because she told school officials she was Salvador's sister. The court stated, "When she ... tells the school she is the sister, that's the community and the school is looking at her as a sister albeit she is acting as the mother. If a man had done that, he wouldn't be a presumed father."

The court awarded Isaiah sole legal and physical custody of Maria and dismissed dependency jurisdiction as to her. The court ordered a plan of reunification for Luis, ordered Salvador placed in long-term foster care and ordered visitation between Monica and Salvador. This appeal ensued.

## DISCUSSION

Designation as a presumed parent is critical in dependency proceedings because it entitles the presumed parent to appointed counsel, custody absent a finding of detriment and a reunification plan (§§ 317, subd. (a), 361.2, subd. (a), 361.5, subd. (a)). Consequently, presumed parentage has been heavily litigated in the past decade. Though most of the decisional law has focused on the definition of the presumed father, the legal principles concerning the presumed father apply equally to a woman seeking presumed mother status. (*In re Karen C.* (2002) 101 Cal.App.4th 932, 938 [124 Cal.Rptr.2d 677].)

Family Code section 7611 sets forth rebuttable presumptions of paternity. The presumption pertinent to our discussion is contained in subdivision (d), which provides that a man is presumed to be the natural father of a child if he receives the child into his home and openly holds the child out as his natural child. (Fam. Code, § 7611, subd. (d).) The proponent has the burden of proving the foundational facts by a preponderance of the evidence, i.e., that he received the child into his home and openly and publicly acknowledged paternity. (*In re Spencer W.* (1996) 48 Cal.App.4th 1647, 1653 [56 Cal.Rptr.2d 524].)

The paternity presumptions are driven, not by biological paternity, but by the state's interest in the welfare of the child and the integrity of the

family. (*In re Nicholas H.* (2002) 28 Cal.4th 56, 65 [120 Cal.Rptr.2d 146, 46 P.3d 932] (*Nicholas H.*).) The familial relationship between a nonbiological father and an older child (over two years of age), resulting from years of living together in a purported parent/child relationship, is "considerably more palpable than the biological relationship of actual paternity" and "should not be lightly dissolved." (*Ibid.*) We review a lower court's determination of presumed father status for substantial evidence. (*Miller v. Miller* (1998) 64 Cal.App.4th 111, 117–118 [74 Cal.Rptr.2d 797].)

Turning to the merits of this case, we first reject respondent's argument that appellant lacks standing to raise the issue of whether she is Salvador's presumed mother. Whether appellant had standing to raise the issue before the juvenile court is irrelevant as the matter was fully litigated and the court issued an order finding she was not the presumed mother. Moreover, she clearly has standing to raise the issue on appeal. She was a party to the action and she was aggrieved by the court's denial of her motion because it renders her ineligible for reunification services. (*In re Frank L.* (2000) 81 Cal.App.4th 700, 703 [97 Cal.Rptr.2d 88].)

Further, we are not persuaded by respondent's argument appellant failed to establish that she openly held Salvador out to the community as her son because she did not publicly admit maternity. Respondent relies on appellant's failure to represent Salvador as her son to her family and her admission to school officials, as well as the police officers and social workers involved in her case, that she was Salvador's half sister. However, respondent ignores the most compelling evidence that appellant held Salvador out as her own son—i.e., the fact that eight-year-old Salvador *believed* appellant was his mother. At his age, Salvador would not still believe appellant was his mother unless she so represented herself. Though appellant's family knew she was not his biological mother, we can reasonably infer from this record that family members went along with the fiction, at least in front of Salvador. Otherwise, Salvador would know or at least suspect that appellant was not his mother. Yet, the fact that Salvador believed appellant was his mother is not disputed in this case. Therefore, for Salvador to hold on to that belief for so long must mean that appellant held Salvador out to the community as her son. Such a conclusion is affirmed by appellant's statement "to the rest of the world, Salvador is my son." ▮ Based on the foregoing, we conclude substantial evidence supports a finding appellant established herself as Salvador's presumed mother long before she was forced to truthfully admit her actual relationship to school officials. We further conclude her admission that she was not Salvador's biological mother did not rebut the presumption. (*Nicholas H., supra,* 28 Cal.4th at p. 63.)

Finally, this is not an appropriate case, as respondent alternatively argues, to find the presumption was rebutted pursuant to Family Code section 7612

which provides, in relevant part, that a presumption under section 7611 may be rebutted "in an appropriate action only by clear and convincing evidence." Respondent argues this is an appropriate action to rebut the presumption because to find appellant a presumed mother would undercut the Legislature's design that children such as Salvador be placed through the adoptive process. However, we need not reconcile the statutory provisions governing paternity presumptions and the adoptive process, as that issue is not before this court. Rather, we conclude this is clearly *not* an appropriate case to find respondent rebutted the presumption because there was no competing maternal interest and to sever this deeply rooted mother/child bond would contravene the state's interest in maintaining the family relationship. In sum, we conclude appellant established an unrebutted presumption of maternity. Having concluded petitioner is Salvador's presumed mother, we need not review the court's denial of her motion to be designated Salvador's de facto parent.

## DISPOSITION

The judgment is reversed. Respondent court is directed to vacate its order denying appellant presumed maternity. The court is further directed to enter an order granting her presumed mother status and to order a plan of reunification with services commencing as of the date of the order.