67 Cal.Rptr.3d 450 (2007)
156 Cal.App.4th 671
In re D.S. et al., Persons Coming Under the Juvenile Court Law.
Shasta County Department of Social Services, Plaintiff and Respondent,
v.
John S., Defendant and Appellant.
No. C055069.
Court of Appeal of California, Third District.
October 31, 2007.
As Modified November 2, 2007.
*451 Law Office of Kimball J.P. Sargeant and Kimball J.P. Sargeant, Davis, for Defendant and Appellant.
Karen Keating Jarh, County Counsel and John L. Loomis, Deputy County Counsel, for Plaintiff and Respondent.
SIMS, Acting P.J.
John S. (appellant), the father of D.S. and J.S. (the minors), appeals from orders of the juvenile court denying a petition for modification filed by the mother of the minors and terminating appellant's parental rights. (Welf. & InstCode, §§ 366.26, 388, 395; undesignated section references are to the Welfare and Institutions Code.) Appellant's sole contention on appeal is that the juvenile court violated the due process rights of appellant and the minor's mother when it denied the mother's petition for modification as untimely. Concluding appellant lacks standing to challenge the order denying the mother's modification petition, we shall dismiss the appeal.

FACTUAL AND PROCEDURAL BACKGROUND
In February 2005, the juvenile court assumed jurisdiction over the minors after it sustained allegations that the minors were placed at a substantial risk of suffering serious harm due to the substance abuse and domestic violence engaged in by appellant and the minor's mother.
On February 23, 2007, the minor's mother filed her petition for modification, which sought reinstatement of her reunification services and an order for visitation with D.S. Appellant did not join in that petition. Finding the petition untimely, the court denied it. The court then ordered the parental rights of appellant and the minors' mother terminated.

DISCUSSION
In his opening brief, appellant contends the juvenile court violated the due process rights of appellant and the mother of the minors when it denied the mother's petition for modification as untimely. According to appellant, both the mother and appellant were "improperly denied the opportunity to invoke the `escape mechanism' of section 388 to reestablish [the mother's] relationship with [D.S.], which the trial court and the Department had allowed to deteriorate based solely on [D.S.j's expressed desire to not have contact with [the mother]." Therefore, appellant argues, the orders denying the mother's modification petition and terminating parental rights must be reversed.[1]
While appellant can file a notice of appeal as a party, the ability to appeal does not confer standing to assert issues when he is not aggrieved by the order from which the appeal is taken.[2] (In re Joseph G. (2000) 83 Cal.App.4th 712, 715, 99 Cal.Rptr.2d 915; In re Frank L. (2000) 81 Cal.App.4th 700, 703-704, 97 Cal. Rptr.2d 88; In re Carissa G. (1999) 76 Cal.App.4th 731, 734, 90 Cal.Rptr.2d 561; In re Gary P. (1995) 40 Cal.App.4th 875, 877, 46 Cal.Rptr.2d 929.)
Standing to challenge an adverse ruling is not established merely because a *452 parent takes a position on an issue that affects the minor (In re Frank L. (2000) 81 Cal.App.4th 700, 703, 97 Cal.Rptr.2d 88); nor can a parent raise the minor's best interest as a basis for standing (In re Nachelle S. (1996) 41 Cal.App.4th 1557, 1562, 49 Cal.Rptr.2d 200). Without a showing that a parent's personal rights are affected by a ruling, the parent does not establish standing. (In re Frank L., supra, 81 Cal.App.4th at p. 703, 97 Cal. Rptr.2d 88.) To be aggrieved or affected, a parent must have a legally cognizable interest that is affected injuriously by the juvenile court's decision. (In re Paul W. (2007) 151 Cal.App.4th 37, 55, 60 Cal. Rptr.3d 329.) In sum, a would-be appellant "lacks standing to raise issues affecting another person's interests." (In re Gary P., supra, 40 Cal.App.4th at p. 876, 46 Cal.Rptr.2d 929.)
To have standing in this case, appellant must show how the denial of a modification petition filed by the mother, which did not relate to appellant, and in which appellant did not join, affected his interests. (In re Frank L., supra, 81 Cal.App.4th at p. 703, 97 Cal.Rptr.2d 88.) Here, he has made no showing that his personal rights were implicated. (Ibid.) Accordingly, appellant lacks standing to temder the claim.
Appellant's assertion in his opening brief that he was denied the opportunity to invoke the "escape mechanism" of section 388 does not suffice to establish his standing for two reasons. First, appellant does not explain the basis for his assertion. Further, the record provides no support for the claim. Presumably, had he wished to do so, at the hearing on the petition appellant could have joined in the mother's arguments. He did not so join, probably because he had no stake in the mother's request for a visitation order.[3]
For the foregoing reasons, we conclude appellant lacks standing to challenge the denial of the mother's modification petition in this case. (In re Carissa G., supra, 76 Cal.App.4th at p. 738, 90 Cal.Rptr.2d 561.)

DISPOSITION
The appeal is dismissed.
We concur: MORRISON and ROBIE, JJ.
NOTES
[1] On August 10, 2007, this court dismissed the minor's mother's appeal for her failure to file an opening brief.
[2] On June 8, 2007, this court granted appellant's motion to deem his notices of appeal from the orders terminating his parental rights to include denial of the mother's modification petition. However, our order cannot reasonably be construed to confer standing on appellant to make claims not pertaining to him.
[3] We agree with Oepartment of Social Services that appellant does not gain standing merely due to the possibility the court might have granted the mother's petition.