Filed 8/6/21  In re A.P. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re A.P. et al., Persons Coming Under the Juvenile Court Law. | |
| ORANGE COUNTY SOCIAL SERVICES AGENCY,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>A.F.,<br><br>    Defendant and Appellant. | G059858<br><br>(Super. Ct. No. 19DP0076, 19DP0077)<br><br>O P I N I O N |

        Appeal from an order of the Superior Court of Orange County, Robert Gerard, Judge.  Affirmed.

        Rich Pfeiffer, under appointment by the Court of Appeal, for Defendant and Appellant.

Leon J. Page, County Counsel, Karen L. Christensen and Aurelio Torre, Deputy County Counsel, for Plaintiff and Respondent.

\*            \*            \*

A.F. (Mother) appeals from an order terminating her parental rights over her two-year-old twins, A.P. and E.P., under Welfare and Institutions Code section 366.26.[1]  She contends the juvenile court erred in failing to order postadoption visitation between the twins and their older brother Eric, who was previously adopted by a different family.  We conclude Mother lacks standing to assert these claims and therefore affirm the court's order.

## FACTS

Although the record is voluminous, the issues on appeal are narrow.  We limit our background discussion accordingly.

When Mother gave birth to A.P. and E.P. in January 2019, a hospital hold was placed on them due to risk factors apparent from ongoing dependency proceedings concerning their older brother, Eric P., who at the time was seven years old.  Eric had been removed from Mother's custody in mid-2017 after Mother (1) was arrested for shoplifting while caring for him; (2) had marijuana and methamphetamine in her possession; (3) appeared under the influence of drugs; and (4) exhibited bizarre behavior and thoughts.

When they were one week old, the twins were detained and removed from parental custody and placed in a foster home.  The juvenile court sustained an amended jurisdictional petition as to the twins based on Mother's substance abuse problems, mental health issues, criminal history, and Eric's ongoing dependency proceedings.  The

---

[1]     All further statutory references are to this code.

court declared the twins dependents of the court; Mother was offered reunification services.

Throughout 2019 and 2020, the twins maintained regular contact and visitation with Eric. Meanwhile, Mother's parental rights as to Eric were terminated in December 2019.

The juvenile court terminated Mother's reunification services as to the twins in August 2020 and set a section 366.26 hearing. In anticipation of the hearing, the Orange County Social Services Agency (SSA) recommended terminating Mother's parental rights so the twins could be adopted.

At oral argument during the section 366.26 hearing, Mother argued against termination, relying on the "parental benefit" exception to termination (§ 366.26, subd. (c)(1)(B)(i)), under which termination is not to be ordered if the parent has "maintained regular visitation and contact with the child and the child would benefit from continuing the relationship." Mother did not argue the "sibling relationship" exception (§ 366.26, subd. (c)(1)(B)(v)), under which termination is not to be ordered if "[t]here would be substantial interference with a child's sibling relationship."

Counsel for SSA argued against the application of the parental benefit exception, and asserted the sibling relationship exception (which Mother had not previously relied on) did not apply. The minors' counsel joined in SSA's arguments.

The juvenile court recognized Mother's manifest love for her children, but noted the recurring safety concerns during Mother's visits. It found no exceptions to adoption applied, deemed the twins adoptable, and terminated parental rights. It further determined it was not appropriate to place the twins with their brother Eric, but invited counsel to confer about postadoptive sibling contact; the court noted "that's an issue for a different day, and perhaps can be handled offline."

Mother filed a notice of appeal from the order terminating her parental rights.

## DISCUSSION

Mother does not now challenge the termination of her parental rights; her sole contention on appeal is that the juvenile court erred in not ordering postadoption sibling visitation for the twins and Eric.[2] Mother relies primarily on section 16002, which provides that if parental rights are terminated and the child is to be placed for adoption, SSA "shall" take certain steps "to facilitate ongoing sibling contact." (*Id.*, subd. (e).)[3] She asks us to remand the matter for a hearing on whether postadoption sibling visitation is appropriate and in the children's best interest.

Mother does not have standing to challenge the lack of postadoption sibling visitation. "Generally, parents can appeal judgments or orders in juvenile dependency matters. [Citation.] However, a parent must also establish she is a 'party aggrieved' to obtain a review of a ruling on the merits. [Citation.] Therefore, a parent cannot raise issues on appeal from a dependency matter that do not affect her own rights. [Citation.] Standing to appeal is jurisdictional." (*In re Frank L.* (2000) 81 Cal.App.4th 700, 703 (*Frank L.*).)

Postadoption sibling visits are a concern of the children, not of a parent whose rights have been terminated. Accordingly, although a child's siblings have standing to enforce section 16002 (*In re Clifton B.* (2000) 81 Cal.App.4th 415, 427 (*Clifton B.*)), a parent whose rights have been terminated does not. (*Frank L.*, *supra,* 81 Cal.App.4th at p. 703; *Clifton B.*, at p. 427; *In re Nachelle S.* (1996) 41 Cal.App.4th

---

[2] Mother suggests in passing that Eric's dependency case improperly impacted the juvenile court's decision to detain the twins at birth. However, she did not appeal the court's findings at the dispositional and review hearings, nor does she explain how the court's familiarity with that case affected the order she now challenges.

[3] Section 366.29 similarly promotes the continuation of sibling relationships by recognizing that prospective adoptive parents can agree to voluntary contracts to "facilitate postadoptive sibling contact," which may be enforced provided it "is in the best interest of the child." (*Id.*, subds. (a), (c)(2).)

1557, 1561-1562.)  Once parental rights are terminated, the parent has no more legally cognizable interest in the proceeding or in the children's visitation plans than would a stranger.

Mother insists she nevertheless has standing to assert ineffective assistance of counsel on the twins' behalf, and she asserts independent counsel in this case should have argued for continued sibling visitation.  We are not persuaded.  Mother's arguments on ineffective assistance of counsel concern only the twins' rights, not her own, and Mother cannot raise this argument on their behalf.  There is "no rational basis for denying parents the right to raise sibling visitation directly but permitting them to raise it indirectly by way of an ineffective assistance of counsel claim.  Standing depends on the nature of the party's interests, not the phrasing of the argument.  Effective or not, counsel's advocacy, or lack thereof, regarding sibling visitation simply does not affect the parent's interests in reunification." (*In re Daniel H.* (2002) 99 Cal.App.4th 804, 810; see *Frank L.*, *supra,* 81 Cal.App.4th at p. 703.)

Mother therefore lacks standing to assert these claims.[4]  And since Mother lacks standing, we lack jurisdiction to consider her appeal.  (*In re B.S.* (2021) 65 Cal.App.5th.888, 893 [lack of standing is a jurisdictional defect, and when the appellant lacks standing, his or her appeal is subject to dismissal].)  We therefore do not reach the merits of Mother's arguments, nor do we rule on Mother's request for judicial notice.

---

[4]      Even if Mother did have standing, she waived the visitation issue by failing to raise it with the juvenile court before her parental rights were terminated.  Mother never objected to "the alleged failure to 'maintaining sibling togetherness and contact' (§ 16002, subd. (b)); the purported failure to 'provide for ongoing and frequent interaction among siblings until family reunification is achieved' (§ 16002, subd. (b)); or the supposed failure to state reasons for the suspension of sibling interaction. (§ 16002, subd. (c).)  Hence, any objection to the absence of an order providing for sibling visitation has been waived." (*In re Anthony P.* (1995) 39 Cal.App.4th 635, 641.)

## DISPOSITION

The juvenile court's order terminating parental rights is affirmed.


GOETHALS, J.

WE CONCUR:


FYBEL, ACTING P. J.


THOMPSON, J.