Filed 10/16/23  In re L.R. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re L.R., a Person Coming Under the Juvenile Court Law. | D082004 |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | |
| Plaintiff and Respondent, | (Super. Ct. No. J520517) |
| v. | |
| P.R. et al., | |
| Defendants and Appellants. | |

APPEAL from a judgment of the Superior Court of San Diego County, Marissa A. Bejarano, Judge.  Conditionally reversed and remanded with directions.

Michelle D. Pena, under appointment by the Court of Appeal, for Defendant and Appellant, P.R.

Richard Pfeiffer, under appointment by the Court of Appeal, for Defendant and Appellant, A.Z.

Claudia G. Silva, County Counsel, Lisa M. Maldonado, Chief Deputy County Counsel, and Kristen M. Ojeil, Deputy County Counsel, for Plaintiff and Respondent.

MEMORANDUM OPINION[1]

P.R. (Father) and A.Z (Mother) (together, Parents) appeal from an order terminating parental rights to their child, L.R. (Child), at the Welfare and Institutions Code[2] section 366.26 hearing. Neither parent challenges the trial court's decision not to apply the sibling-relationship exception to termination of parental rights. However, Mother contends that the juvenile court erred by failing to adhere to the requirements of section 16002, subdivision (e) governing post-termination sibling contact and failing to enter a more specific order concerning post-adoption sibling visitation. We conclude that Mother forfeited these arguments by failing to present them to the juvenile court and, in any case, she lacks standing to raise them.

Separately, both Mother and Father contend that the San Diego County Health and Human Services Agency (Agency) did not comply with its inquiry duties under the federal Indian Child Welfare Act (25 U.S.C. § 1901 et seq.) (ICWA) and section 224.2. The Agency concedes it did not fully comply with aspects of its inquiry duties, and therefore agrees that a limited remand is appropriate. We accept the Agency's concession as to its duties of inquiry, conditionally reverse the order terminating parental rights, and

---

[1]    We resolve this appeal by memorandum opinion because it "raise[s] no substantial issues of law or fact" and is partially conceded by the respondent. (Cal. Stds. Jud. Admin., § 8.1(2).)

[2]    Undesignated statutory references are to the Welfare and Institutions Code.

remand for the limited purpose of compliance with ICWA and its related statutory provisions.

1. *Sibling Visitation*

At the section 366.26 hearing, both Parents argued their parental rights should not be terminated because it would be detrimental to Child due to his bond with his half-sibling. (See § 366.26, subd. (c)(1)(B)(v) [exception applies if terminating parental rights would give rise to such "substantial interference with a child's sibling relationship" "that termination would be detrimental to the child"].) The court found "that sibling interaction would not be contrary to the safety or well-being of either child and sibling visitation shall occur." However, the court found the bond did not warrant applying an exception to terminating parental rights. Neither Mother nor Father challenges that determination on appeal.

Rather, Mother contends the court erred by failing to "adequately address[ ] post adoption sibling visitation." Mother appears to argue that the court's order was not sufficiently specific because, although it provides that "sibling visitation shall occur," it does not specify the frequency or duration of visits. She argues that this contravenes section 16002, subdivision (e), which requires the Agency to take certain steps to facilitate ongoing sibling contact after the court has terminated parental rights.[3]

We reject this argument. As an initial matter, Mother has forfeited this claim by failing to present it to the court below. (See *In re Anthony P.*

---

[3] Perhaps mistakenly, Mother also asks for "an order for the court to . . . modify [its] exit orders." This case comes to us on appeal from a permanent plan selection hearing, before the plan has been made final. "Exit orders" may be entered "[w]hen a juvenile court terminates its jurisdiction over a dependent child." (*In re T.H.* (2010) 190 Cal.App.4th 1119, 1122.) That has not yet happened here.

3

(1995) 39 Cal.App.4th 635, 640–642 [appellant forfeited arguments regarding sibling visitation made under section 16002, subdivision (b) by failing to object in the court below].) Mother contends that her general testimony at the section 366.26 hearing concerning Child's relationship with his sibling preserved her argument regarding post-termination sibling visitation. However, she does not dispute that she failed to make any objections or arguments about sibling *visitation* or section 16002 to the court below. She has thus forfeited such arguments for purposes of this appeal. (See *ibid.*)

In any case, Mother does not have standing to assert these arguments. A parent only has standing to appeal matters affecting her own rights. (See, e.g., *In re K.C.* (2011) 52 Cal.4th 231, 238 ["A parent's appeal from a judgment terminating parental rights confers standing to appeal an order concerning the dependent child's placement only if the placement order's reversal advances the parent's argument against terminating parental rights."]; *In re Frank L.* (2000) 81 Cal.App.4th 700, 703 [parent lacked standing to contest placement of a child where arguments were premised on child's interests, not parent's]; *In re Nachelle S.* (1996) 41 Cal.App.4th 1557, 1560–1562 [parent lacked standing to challenge sibling-visitation order after her parental rights had been terminated].) Mother does not challenge the court's determination that the sibling-bond exception did not apply, or otherwise argue that a more specific order concerning sibling visitation could affect her parental rights. Indeed, the only legal basis for Mother's position is section 16002, subdivision (e), which applies "[i]f parental rights are terminated and the court orders a dependent child or ward to be placed for adoption." There is no circumstance in which mandating compliance with section 16002, subdivision (e) would reinstate Mother's parental rights.

4

Mother thus lacks standing to assert the arguments she makes in this appeal.[4]

2. *ICWA and Section 224.2*

Parents contend the Agency failed to comply with its duties of initial inquiry pursuant to ICWA and section 224.2. Although the juvenile court held that ICWA did not apply, the Agency concedes that it did not fulfill its inquiry duties with respect to three of Child's relatives. We accept the Agency's partial concession as to its duty of inquiry, and we therefore conclude the juvenile court's ICWA findings were inadequately supported by the evidence. (See *In re D.S.* (2020) 46 Cal.App.5th 1041, 1051 ["[W]here the facts are undisputed, we independently determine whether ICWA's requirements have been satisfied."].)

Section 224.2 imposes an "affirmative and continuing duty" upon the Agency and the juvenile court to inquire whether a child subject to juvenile dependency may be an Indian child. (§ 224.2, subd. (a).) Subdivision (b) of section 224.2 creates an expanded duty of initial inquiry that requires the Agency to ask "extended family member[s]" and "others who have an interest in the child" whether the child may be an Indian child. ICWA defines " 'extended family member' " by "the law or custom of the Indian child's tribe" or, absent such law or custom, as "a person who has reached the age of eighteen and who is the Indian child's grandparent, aunt or uncle, brother or sister, brother-in-law or sister-in-law, niece or nephew, first or second cousin, or stepparent." (25 U.S.C. § 1903(2); Welf. & Inst. Code, § 224.1, subd. (c)

---

4    We do not address whether Mother would have standing to assert arguments concerning sibling visitation if the termination of her parental rights were set aside following further ICWA inquiry.

[" 'extended family member' . . . defined as provided in [§] 1903" of ICWA].)[5]

Father lists 10 individuals he claims the Agency was able to contact and should have asked about possible Indian heritage:

- Child's paternal aunt;

- Child's maternal grandmother;

- Child's half-sister;[6]

- two of Father's first cousins (Child's first cousins once removed);

- three of Father's aunts (Child's great-aunts);

- the maternal grandmother of Father's other children; and

- the half-sibling of Child's half-sibling (with whom Child shares no parent).

The Agency concedes that it did not adequately comply with its inquiry duties with respect to Child's paternal aunt, half-sister, and maternal grandmother. However, the Agency disputes that the other individuals identified by Father fall within its statutory duty of extended inquiry because

---

[5] There is currently a split in authority as to whether this duty only applies to a child who has been taken into temporary custody without a warrant pursuant to sections 306 or 307, and the Supreme Court has granted review to decide the question. (See *In re Ja.O.* (2023) 91 Cal.App.5th 672, 678, review granted July 26, 2023, S280572; *In re Robert F.* (2023) 90 Cal.App.5th 492, 500–504, review granted July 26, 2023, S279743; *In re Delila D.* (2023) 93 Cal.App.5th 953, 962, review granted Sept. 27, 2023, S281447.) Although it is undisputed that Child was not taken into temporary custody under sections 306 or 307, the Agency "note[s] its concerns with adopting" a different approach "for children removed pursuant to section 306 compared to those removed by other court ordered means." In light of the Agency's concession and its stated concerns, we will assume without deciding that the expanded duty of inquiry applies.

[6] Father lists two purported half-sisters, A.C. and S.E. The record, and Father's own brief, reflect that A.C. is actually Child's paternal aunt.

they are not "extended family member[s]" for purposes of section 224.2. In reply, Father contends that they all qualify as " 'others who have an interest in the child' " (§ 224.2, subd. (b)) because they are relatives or relatives of relatives.

We agree with the Agency. Father does not argue that these other individuals—who undisputedly do not qualify as "extended family member[s]" under the statute—have any "interest in" Child other than their (in some instances attenuated) familial connections. Courts have held that an "interest" may exist when a relative who is not an "extended family member" acts as a caregiver or prospective adoptive parent. (See, e.g., *In re A.C.* (2022) 86 Cal.App.5th 130, 131–132 [agency had a duty to interview the child's "caregiver and prospective adoptive parent" " 'an interest in the child' "]; *In re Dominick D.* (2022) 82 Cal.App.5th 560, 564, fn. 2 [great-grandfather was not an "extended family member," but because he had been the child's "primary caregiver" he had " 'an interest in the child' "].) But if *any* family relationship were sufficient to give rise to "an interest in the child," there would be no need to specifically define "extended family member" to include only particular relatives. We "seek to avoid 'interpretations that render any language surplusage.' " (*Brennon B. v. Superior Court* (2022) 13 Cal.5th 662, 691, quoting *Berkeley Hillside Preservation v. City of Berkeley* (2015) 60 Cal.4th 1086, 1097.) Father does not identify circumstances that would permit us to conclude that any of these other relatives has "an interest in the" Child for purposes of section 224.2.

We do, however, accept the Agency's partial concession that it failed to adequately comply with its statutory duties of inquiry with respect to Child's paternal aunt (A.C.), half-sister (S.E.), and maternal grandmother and that

7

reversal is the appropriate remedy in these circumstances.[7] We therefore conditionally reverse the court's order terminating parental rights and remand the matter to the juvenile court so the Agency may comply with ICWA and section 224.2.

Given the importance of expediency and need for finality, we encourage the parties to stipulate to immediate issuance of the remittitur. (Cal. Rules of Court, rule 8.272(c)(1).)

## DISPOSITION

The juvenile court's April 20, 2023 order terminating parental rights is conditionally reversed and the matter is remanded to the juvenile court with directions that, within 30 days of the remittitur, the Agency must file a report demonstrating its compliance with the inquiry provisions of section 224.2, including, at minimum, inquiring of Child's paternal aunt (A.C.), half-sister (S.E.), and maternal grandmother. Within 45 days of the remittitur, the juvenile court must conduct a hearing to determine whether the Agency's investigation satisfied its duties of inquiry. The juvenile court has the discretion to adjust these time periods on a showing of good cause.

---

[7] In light of the Agency's concession of error and prejudice, we do not address the standard of prejudice applicable to ICWA inquiry errors. (See, e.g., *In re Dezi C.* (2022) 79 Cal.App.5th 769, review granted Sept. 21, 2022, S275578.)

8

If neither the Agency nor the juvenile court has reason to believe that the Child is an Indian child after appropriate completion of initial inquiry, the juvenile court shall reinstate the April 20, 2023 order terminating parental rights. Alternatively, if after completing further inquiry the Agency or the juvenile court has reason to believe that the child is an Indian child, the court shall proceed accordingly.

BUCHANAN, J.

WE CONCUR:


HUFFMAN, Acting P. J.


CASTILLO, J.